UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRANDON WILLIAM G.,<br><br>                 Plaintiff,<br>   v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                 Defendant. | CASE NO. 2:25-CV-1080-DWC<br><br>ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI").[1] After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when he failed to provide a legally sufficient reason for finding Dr. Scott T. Alvord, Psy.D.'s opinion unpersuasive. Had the ALJ properly considered Dr. Alvord's opinion, Plaintiff's residual functional capacity ("RFC") may have included additional limitations. The ALJ's error is, therefore, not harmless, and this matter is reversed and remanded

---

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 9.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 1

pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of Social Security ("Commissioner") for further proceedings consistent with this Order.

### I. Factual and Procedural History

On January 18, 2023, Plaintiff filed applications for DIB and SSI benefits, alleging disability beginning June 10, 2010. *See* Dkt. 4, Administrative Record ("AR") 18. The application was denied on initial administrative review and reconsideration. *See* AR 18. A hearing was held before ALJ Laura Valente on July 2, 2024. *See* AR 35-62. At the hearing, Plaintiff amended his alleged onset date to April 2023. AR 18, 41. The ALJ determined Plaintiff was not disabled. AR 18-29. The Appeals Council denied Plaintiff's administrative appeal, making the ALJ's decision the final decision of the Commissioner. *See* AR 1-6, 20 C.F.R. §§ 404.981, 416.1481.

Plaintiff maintains the ALJ erred by finding Dr. Alvord's. opinion unpersuasive. Dkt. 6 at 1. Plaintiff requests this matter be remanded to the Administration for further proceedings. *Id*.

### II. Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). "We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014) (citation omitted).

### III. Discussion

Plaintiff contends the ALJ erred in finding Dr. Alvord's opinion unpersuasive. Dkt. 6.

A. *Legal Standard*

The regulations regarding the evaluation of medical opinion evidence have been amended for claims filed on or after March 27, 2017. *Revisions to Rules Regarding the Evaluation of Medical Evidence* ("*Revisions to Rules*"), 2017 WL 168819, 82 Fed. Reg. 5844, at *5867-68; *5878-79 (Jan. 18, 2017). Since Plaintiff filed his claim after that date, the new regulations apply. *See* 20 C.F.R. §§ 404.1520c, 416.920c. Under the revised regulations, ALJs "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s). . . ." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, ALJ's must consider every medical opinion or prior administrative medical findings in the record and evaluate each opinion's persuasiveness using the factors listed. *See* 20 C.F.R. § 404.1520c(a), 416.920c(a). The two most important factors are the opinion's "supportability" and "consistency." *Id.* ALJs must explain "how [they] considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in [their] . . . decision." 20 C.F.R. §§ 20 C.F.R. 404.1520c(b)(2), 416.920c(b)(2). "Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant . . . objective medical evidence.'" *Woods v. Kijakazi*, 32 F.4th 785, 791-2 (9th Cir. 2022) (citing 20 C.F.R. § 404.1520c(c)(1)); *see also* § 416.920c(c)(1). "Consistency means the extent to which a medical opinion is 'consistent . . . with the evidence from other medical sources and nonmedical sources in the claim.'" *Woods*, 32 F.4th at 792 (citing 20 C.F.R. § 404.1520c(c)(2)); *see also* § 416.920c(c)(2).

B.  *Dr. Alvord's Opinion*

On November 13, 2023, Dr. Alvord conducted a psychological evaluation and determined Plaintiff has the following diagnoses: panic disorder with agoraphobia, major depressive disorder (recurrent, moderate), and post-traumatic stress disorder ("PTSD") (chronic, mild). AR 586. He opined Plaintiff would have marked to extreme difficulty understanding, carrying out, and remembering instructions (complex). AR 586. Dr. Alvord found Plaintiff would have marked difficulty sustaining concentration and persisting in work related activity at a reasonable pace, maintaining effective social interaction on a consistent and independent basis with supervisors, co-workers, and the public, and dealing with normal pressures in a competitive work setting. AR 586-87. Finally, Dr. Alvord opined Plaintiff would have mild to moderate difficulty understanding, carrying out, and remembering instructions (simple, one-two step commands). AR 586.

C.  *ALJ Decision*

In finding Dr. Alvord's opinion unpersuasive, the ALJ discussed both Dr. Alvord's and Dr. David Mashburn's opinions. AR 26. The ALJ found Dr. Alvord's opinion was poorly supported because Dr. Alvord had a limited understanding of the "overall diagnostic picture on which to form an opinion because [he] reviewed few treatment notes or other records. . . . Dr. Alvord reviewed only eight pages of treatment notes, along with Dr. Mashburn's prior evaluation." AR 26. The ALJ also found Dr. Alvord's opinion was insufficiently supported because Dr. Alvord did not include specific findings or other rationale to support the assessed limitations. AR 26.

The ALJ then stated,

> Dr. Alvord assessed rather profound limitations in the claimant function, indicating marked limitation in nearly all areas, including understanding, remembering, and

carrying out instructions; concentrating and persisting; social interaction; and dealing with "normal pressures" in a work setting (9F). As noted above Dr. Alvord failed to provide specific rationale to support his assessment. Moreover, his own findings are not consistent with his assessment. For instance, while he found that the claimant presented as tearful and anxious, he also found that his speech was essentially normal, and he was able to attend to all the examination tasks, which revealed normal memory, attention, and concentration findings (9F/3). Also generally inconsistent with the limitations assessed by Dr. Alvord, the claimant's mental status presentation in the treatment record was usually unremarkable, as discussed above at finding #4.

AR 26-27.

    D.  *Analysis of the ALJ Opinion*

The Commissioner argues only that the ALJ reasonably found Dr. Alvord's opinion unpersuasive because (1) Dr. Alvord did not provide any specific rationale to support his opinion; and (2) Dr. Alvord's opinions of profound limitations were inconsistent with Plaintiff's usually unremarkable mental status presentation throughout the treatment record. Dkt. 8. The Court finds the Commissioner's failure to present argument on any other reasons the ALJ may have provided for discounting Dr. Alvord's opinion –such as, Dr. Alvord's alleged limited understanding of the overall diagnostic picture -- is a concession that any other reason for finding Dr. Alvord's opinion unpersuasive is not legally sufficient or supported by substantial evidence. *See McIntire v. Colvin*, 2015 WL 4276236, at *6 (W.D. Wash. July 15, 2015) ("The Commissioner defends only two bases for the ALJ's adverse credibility findings, and thus the court will consider only those two for substantial evidence."); *see also* LCR 7 (b)(2) (failure to respond may be considered an admission that a motion has merit). Therefore, in determining if the ALJ erred in his consideration of Dr. Alvord's opinion, the Court will only discuss the two reasons argued by the Commissioner.

    First, the ALJ found Dr. Alvord's opinion unpersuasive because Dr. Alvord did not provide any specific rationale to support his opinion. AR 26. An ALJ "need not accept the

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 5

opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *see Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (citation omitted). But, the Commissioner does not cite to, nor does the Court find, any authority that would permit an ALJ to reject a medical opinion "because it does not articulate to the ALJ's satisfaction a separate basis for each limitation the source found." *Dale J. v. Comm'r of Soc. Sec.*, 2019 WL 3729674, at *3 (W.D. Wash. Aug. 7, 2019).

Here, the ALJ's conclusory reason is not sufficient to discount Dr. Alvord's opinion. Further, Dr. Alvord conducted a clinical interview, a mental states examination ("MSE"), and reviewed available records. AR 583-86. After reviewing the records and completing the interview and MSE, Dr. Alvord provided his diagnostic impressions and diagnoses and provided a functional assessment statement. The fact Dr. Alvord did not specify what portions of his findings resulted in each functional limitation is not a sufficient reason to discount the opinion in light of the opinion as a whole. *See Adria H. v. Comm'r of Soc. Sec.*, 2022 WL 73870, at *4 (W.D. Wash. Jan. 7, 2022); (finding the fact "[t]hat the examining doctors did not write the specific bases for each limitation next to that limitation is not a rationale reason to reject the opinion[]"); *Donald O. v. Saul*, 2020 WL 6561610, at *3 (W.D. Wash. Nov. 9, 2020) (finding the ALJ unreasonably characterized a doctor's opinion as "unexplained" when the opinion, read as a whole, explained the doctor's basis for the opined limitations).

The Commissioner asserts Dr. Alvord's opinion was not supported by his findings. *See* Dkt. 8 at 3.[2] The record shows Dr. Alvord noted Plaintiff attempted therapy and numerous

---

[2] The Court notes the Commissioner did not explicitly cite this as a reason the ALJ gave for finding Dr. Alvord's opinion unpersuasive. *See* Dkt. 8. Rather, the Commissioner appears to argue Dr. Alvord's opinion is not supported by his findings as part of the ALJ's conclusion that Dr. Alvord's opinion did not include specific rationale

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 6

medications but had been dismissed from therapy because there was nothing more that could be done for Plaintiff. AR 584. Plaintiff has had limited benefit from medications. AR 584. Plaintiff reported 15-20 panic attacks per month. AR 584. Plaintiff was tearful throughout his encounter with Dr. Alvord and reported anhedonia[3] and chronic suicidal ideations. AR 584. Plaintiff reported to Dr. Alvord that he rarely drives due to anxiety and he can go days without showering. AR 585. Dr. Alvord did not suspect validity issues. AR 585.

During the MSE, Plaintiff demonstrated psychiatric distress in the form of tearfulness and anxiety. AR 585. Plaintiff's affect was withdrawn and tearful and he demonstrated significant fidgeting. AR 585. Plaintiff's thought processes were intact, his speech was minimally halting, but otherwise normal, and he was globally oriented in all spheres. AR 585. Plaintiff's memory was adequate and he was able to recite digits forward and backward, spell world forward and backward, and calculate mathematical questions. AR 585. Plaintiff's abstract thinking was concrete, his insight was mildly impaired, and he could not name recent news events. AR 585. Finally, Plaintiff's intellectual ability fell in the low average range. AR 585.

Based on the clinical interview, MSE, and available records, Dr. Alvord found Plaintiff to be treatment resistant. AR 586. Dr. Alvord stated he believed Plaintiff's prognosis was guarded and Plaintiff should be monitored closely for increasing suicidal ideation because of "the nature of [Plaintiff's] described symptoms, his presentation during the encounter, and . . . [Plaintiff's] lack of response to mental health care." AR 586.

---

for each limitation. While these are two separate matters, the ALJ did appear to provide this as a reason for finding Dr. Alvord's opinion unpersuasive and the Commissioner provided argument. Therefore, the Court will consider it.

[3] Anhedonia is "a psychological condition characterized by inability to experience pleasure in normally pleasurable acts." *Hannah Leigh J. v. Saul*, 2021 WL 1110286, at *6 (C.D. Cal. Mar. 23, 2021) (internal quotations omitted).

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 7

      While the ALJ noted Plaintiff presented as tearful and anxious, the ALJ did not explain how the unremarkable portions of Plaintiff's MSE conflicted with Dr. Alvord's opinion as to Plaintiff's limitations, nor did the ALJ explain why she chose to discount the abnormal findings in Plaintiff's mood, affect, mental activity, psychomotor skills, insights, fund of general information, and intellectual functioning. Although the ALJ is responsible for resolving conflicts in the evidence, she must explain her reasoning to allow for this Court's review. *See Ford v. Saul*, 950 F.3d 1141, 1149 (9th Cir. 2020); *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015). As the ALJ failed to adequately explain her conclusion that Dr. Alvord's findings did not support his opinion, this is not sufficient to discount Dr. Alvord's opinion. In sum, the Court finds the ALJ's conclusion that Dr. Alvord's opinion was unpersuasive because Dr. Alvord did not provide specific rationale for each functional limitation and his findings did not support his opinion is not sufficient.

      Second, the ALJ found Dr. Alvord's opinion unpersuasive because Dr. Alvord's opinions of profound limitations were inconsistent with Plaintiff's usually unremarkable mental status presentation throughout the treatment record. AR 27. The ALJ measures the persuasiveness of a medical opinion by considering how consistent that medical opinion is with the evidence from other medical sources and nonmedical sources in the claim. *See* 20 C.F.R. §§404.1520c(c)(2), 416.920c(c)(2). Here, the ALJ again did not adequately explain how the unremarkable portions of Plaintiff's mental status findings in the overall record conflicted with Dr. Alvord's opinion as to Plaintiff's limitations. Further, while the ALJ cited to treatment notes that showed normal behavior, thought content, and judgment, AR 24, the ALJ appeared to disregard those same treatment notes showing irritability, confusion, decreased concentration, self-injury, sleep disturbances, insomnia, fatigue, nervousness, anxiety, suicidal thoughts, mood swings, and sad

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 8

and flat affect. AR 24; *see* AR 422, 426, 548, 564, 611, 617. For these reasons, the ALJ's second reason for finding Dr. Alvord's opinion unpersuasive is not sufficient.

For the above stated reasons, the ALJ failed to provide a legally sufficient reason for finding Dr. Alvord's opinion unpersuasive. Therefore, the ALJ erred.

E.  *Harmless Error*

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is non-prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115.  The Ninth Circuit has stated "'a reviewing court cannot consider an error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (quoting *Stout*, 454 F.3d at 1055-56). The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. § 2111)).

Had the ALJ properly considered Dr. Alvord's opinion, she may have included additional limitations in the RFC. For example, Dr. Alvord found Plaintiff would have difficulty sustaining concentration, persisting at a reasonable pace, and dealing with normal pressures in a competitive work setting. AR 586-87. The ALJ did not include these limitations in the RFC. *See* AR 22. The ultimate disability determination may change if limitations opined to by Dr. Alvord

are included in the RFC and considered throughout the remaining steps of the sequential evaluation process. Accordingly, the ALJ's error is not harmless and requires reversal.

### IV. Conclusion

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, the Commissioner's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 23rd day of October, 2025.

*/s/ David W. Christel*
David W. Christel
United States Magistrate Judge